UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Criminal No. 13-10289-DPW |
| ) | |
| **JOSEPH CIMINO, and** ) | |
| **HUSAIN YASSIN** ) | |
|     Defendants. ) | |

### GOVERMENT'S STATUS REPORT

The United States respectfully the following status report regarding the above captioned case.

1. Defendant JOSEPH CIMINO made his initial appearance on the indictment in case in the District of Massachusetts on November 14, 2013. The indictment charges CIMINO with a several money laundering offenses, in violation of 18 U.S.C. § 1956.

2. The last remaining defendant, HUSAIN YASSIN, was arrested and made his initial appearance on the indictment on July 16, 2014. The other two indicted defendants (ISSAM ELNARDDAFF and CHRISTOPHER STANIFORTH) are fugitives.

3. On September 9, 2014, counsel for Defendant CIMINO and the government appeared before this Court for an initial status conference. At that hearing, the Court set a trial date for January 26, 2015.

4. The Court scheduled an additional status conference for November 5, 2014 which was then rescheduled to November 3, 2014 to accommodate new counsel for Defendant YASSIN.

5. On October 28, 2014, the government informed that counsel for Defendants CIMINO and YASSIN that it would be seeking a superseding indictment by early December 2014, based on new information regarding the specified unlawful activity that generated the funds in this case. In particular, the government informed counsel that it had recently obtained

information that may tend to the show that with regards to the deliveries of cash involving defendants ISSAM ELNARDDAFF and HUSAIN YASSIN (charged Counts 2 and 4 of the indictment) the cash involved may not have involved marijuana proceeds as charged in the indictment, but instead involved the proceeds of "ATM Skimming" a violation of 18 U.S.C. § 1029(a), a specified unlawful activity under 18 U.S.C. § 1957(7)(A); see 18 U.S.C. § 1961(1). While Access Device Fraud is a specified unlawful activity, that offense is not charged in the indictment.

6. The information regarding the ATM Skimming stems from a New York Police Department and New York County District Attorney's Office investigation. Undersigned counsel has spoken with both the lead investigator and the primary Assistant District Attorney from the case. The government has informed defense counsel that it would obtain the relevant discovery from the investigation and would make the appropriate disclosures by the time of the superseding indictment in this case in early December 2014.

7. On September 22, 2014, Defendant YASSIN filed a motion to continue the trial until the last week in April 2015. Nevertheless, it should be noted that undersigned counsel and counsel for Defendant YASSIN have engaged in preliminary plea negotiations that may obviate the need for a trial with regards to YASSIN. The government has also indicated that it would assent to a continuance and severance for YASSIN until a later date in the event that plea negotiations do result in a resolution of the case.

8. Accordingly, the government respectfully submits the foregoing information to the Court regarding the above captioned case.

        Respectfully submitted,

        CARMEN M. ORTIZ
        United States Attorney

By:   /s/ *Neil Gallagher*
        Neil J. Gallagher, Jr.
        Assistant U.S. Attorney

Date Submitted: November 3, 2014

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

        */s/ Neil J. Gallagher, Jr.*
        Neil J. Gallagher, Jr.