UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 13-10289-DPW |
| v. | ) |
| | ) VIOLATIONS: |
| JOSEPH CIMINO, | ) |
| ISSAM ELNADDAF, | ) 18 U.S.C. §1956(h) - |
| CHRISTOPHER STANIFORTH, and | ) (Conspiracy to Launder |
| HUSAIN YASSIN, | ) Monetary Instruments) |
| | ) |
| Defendants. | ) 18 U.S.C. §2 - |
| | ) (Aiding and Abetting) |
| | ) |
| | ) 18 U.S.C. § 982(a)(1) - |
| | ) Criminal Forfeiture) |
| | ) |

SUPERSEDING INDICTMENT

COUNT ONE:   (Title 18, United States Code, Section 1956(h)
            - Conspiracy to Launder Monetary Instruments)

The Grand Jury Charges That:

**THE CONSPIRACY**

1.   From in or about April 2012, and continuing up to in or about December 2012, in Watertown, Boston, Saugus, and elsewhere in the District of Massachusetts, the Eastern District of New York, the Southern District of New York, the Central District of California, Canada, and elsewhere

        JOSEPH CIMINO,
        ISSAM ELNADDAF,
        CHRISTOPHER STANIFORTH, and

**HUSAIN YASSIN,**

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which financial transactions in fact involved the proceeds of a specified unlawful activity, that is, the distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and access device fraud, in violation of 18 U.S.C. § 1029(a), knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity:

(i) with the intent to promote the carrying on of a specified unlawful activity, the distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1), in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and;

(ii) knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

### Manner and Means of the Conspiracy

Among the manner and means by which the conspirators would and did carry out the conspiracy were the following:

2. Between in our about April 2012, and continuing until in or about December 4, 2012, a member of the conspiracy in Canada referred to as "Amigo" arranged for the physical transfer and delivery of U.S. currency, including U.S. currency representing the proceeds of drug trafficking and access device fraud also known as "ATM skimming," from the District of Massachusetts and the Eastern District of New York to the Central District of California.

3. "Amigo" facilitated the transfer and delivery of U.S. currency by first providing a contact phone number and code name of the individual in possession of U.S. currency in the District of Massachusetts and the Eastern District of New York. After the transfer and delivery of U.S. currency took place in the District of Massachusetts and the Eastern District of New York, "Amigo" then facilitated the transfer and delivery of U.S. currency to Defendant JOSEPH CIMINO in the Central District of California by providing a contact phone number and code name for CIMINO in California.

4. The U.S. currency that was transferred and delivered in the District of Massachusetts, the Eastern District of New York, and the Central District of California, was concealed in inconspicuous looking boxes and duffle bags. The transfer and delivery of the U.S. currency took place in public places in

order to conceal and disguise the illegal nature of the transaction and the U.S. currency involved in the transaction.

5.   After accepting delivery of the U.S. currency in the Central District of California, it was defendant JOSEPH CIMINO's role in the conspiracy to transfer and deliver the U.S. currency to others for the purchase of illegal drugs.

### Overt Acts

6.   In furtherance of the conspiracy, and to effect its objects and purposes, the following overt acts, among others, were committed within the District of Massachusetts, the Eastern District of New York, and Central District of California, and Canada:

(a)   On or about April 12, 2012, defendant ISSAM ELNADDAF transferred and delivered $112,060 in U.S. currency to an undercover law enforcement agent in Watertown in the District of Massachusetts;

(b)   On or about April 18, 2012, Defendant JOSEPH CIMINO, using a code name of "Bobby," accepted the transfer and delivery of $106,460 in U.S. currency from an undercover law enforcement agent in Signal Hill in the Central District of California;

(c)   On or about April 18, 2012, Defendant CHRISTOPHER STANIFORTH, using a code name of "Donald," transferred and

delivered $233,560 in U.S. currency to an undercover law enforcement agent in Boston in the District of Massachusetts;

(d)  On or about May 1, 2012, Defendant JOSEPH CIMINO, using the code name "Bobby who is Peter," accepted the transfer and delivery of $219,440 in U.S. currency from an undercover law enforcement agent in Signal Hill in the Central District of California;

(e)  On or about August 7, 2012, a member of the conspiracy (hereinafter co-conspirator no. 1 or "CC-1") whose identity is known to the grand jury, using the code name "Mark," arranged for an individual whose identity is also known to the grand jury to transfer and deliver $254,500 in U.S. currency to an undercover law enforcement agent in Dorchester in the District of Massachusetts;

(f)  On or about August 9, 2012, Defendant JOSEPH CIMINO, using the code name of "Tony," accepted the transfer and delivery of $241,770 in U.S. currency from an undercover law enforcement agent in El Segundo, California in the Central District of California;

(g)  On or about November 13, 2012, an individual whose identity is unknown to the grand jury using a code name of "Andrew" transferred and delivered $46,800 in U.S. currency to

an undercover law enforcement agent in Queens, New York in the Eastern District of New York;

(h) On or about November 27, 2012, a member of the conspiracy in Canada referred to as "Amigo," over an encrypted Blackberry device, directed an undercover law enforcement agent to contact "Phil" at telephone number (617) 858-7559 in order to pick up $230,000 in U.S. currency in the Boston area for delivery to California;

(i) On or about November 28, 2012, Defendant HUSAIN YASSIN, using a code name of "Phil," transferred and delivered $230,000 in U.S. currency to an undercover law enforcement agent in Saugus in the District of Massachusetts;

(j) On or about December 3, 2012, "Amigo" in Canada, over an encrypted Blackberry device, directed an undercover law enforcement agent to contact a member of the conspiracy referred to as "Tank" at phone number (424) 233-9980 in order to transfer and deliver $262,960 in U.S. currency to "Tank" in California;

(k) On or about December 4, 2012, a member of the conspiracy whose identity is known to the grand jury using a code name of "Tank" (hereinafter conspirator no. 2 or "CC-2") accepted the transfer and delivery of $262,960 in U.S. currency from an undercover law enforcement agent in Manhattan Beach, California in the Central District of California, and then

transferred and delivered said $262,960 in U.S. currency to other individuals in Lynwood, California, in the Central District of California, for the purchase of methamphetamine;

(1)   On or about December 5, 2012, "Amigo" in Canada, over an encrypted Blackberry, informed an undercover law enforcement agent that the police had caught CC-2, a.k.a. "Tank" shortly after the transfer and delivery of $262,960 on or about December 4, 2012 in the Central District of California.

All in violation of Title 18, United States Code, Section 1956(h)

**FORFEITURE ALLEGATION:** (Title 18, United States Code, Section 982(a)(1))

The Grand Jury further charges that:

1. Upon conviction of the offense alleged in Count One of this Superseding Indictment,

> JOSEPH CIMINO,
> ISSAM ELNADDAF,
> CHRISTOPHER STANIFORTH, and
> HUSAIN YASSIN,

defendants herein, shall forfeit to the United States, jointly and severally, pursuant to Title 21, United States Code, Section 982(a)(1), any property, real or personal, involved in the offense, and all property traceable to such property.

2. If any of the property described in paragraph 1 above, as a result of any act or omission of the defendants,

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18 United States Code, Section 982(b)(1), incorporating Title 21

United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY


_____
Neil J. Gallagher, Jr.
Assistant United States Attorney


DISTRICT OF MASSACHUSETTS; December 10, 2014

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK  12/10/14 @ 2:10pm